The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and arguments presented on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the prior Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Form 21, Agreement for Compensation, which was approved by the Commission on 16 April 1991, a Form 26, Supplemental Agreement for Compensation, which was approved on 26 November 1991, and in the Pre-Trial Agreement, which was filed by the parties on 4 November 1994, and at the hearing on 10 July 1995 as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act on 9 September 1988.
2. Cincinnati Insurance Company was the carrier on the risk.
3. An employment relationship existed between the parties at all relevant times in this matter.
4. Plaintiff sustained an admittedly compensable injury, a back strain, on 9 September 1988, following which the parties entered into a Form 21 Agreement for Compensation. Pursuant to the Form 21, plaintiff's average weekly wage was $313.00, which yields a weekly compensation rate of $208.68.
5. Pursuant to the claim, Dr. Daniel Murphy found that plaintiff retained a ten percent permanent partial impairment to her back. The parties entered into a Form 26 Supplemental Agreement for Compensation which was approved on 26 November 1991, pursuant to which permanent partial disability compensation was paid for a period of thirty weeks, beginning on 18 May 1990. An Industrial Commission Form 28B was filed with the Commission on or about 20 January 1992.
6. On 1 December 1993, plaintiff forwarded to the Commission a request that her case be reopened pursuant to G.S. § 97-47; and on or about 3 February 1994, plaintiff filed an Industrial Commission Form 33 Request for Hearing, on the grounds that defendants did not agree that her condition had changed pursuant to G.S. § 97-47.
7. On or about 22 March 1994, defendants filed an Industrial Commission Form 33R, Response to Request for Hearing, denying that plaintiff sustained a change of condition pursuant to G.S. § 97-47, and raising the defense that plaintiff failed to file her claim for change of condition more than two years following the last payment of compensation made on 11 December 1991.
8. JUDICIAL NOTICE is taken of the Industrial Commission Form 24 Application to Stop Payment of Compensation, approved by the Commission on 22 April 1991, which is incorporated herein by reference.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Following the admittedly compensable injury, plaintiff began treatment with Dr. William McKeown, an internal medicine doctor, in October of 1990 as a new patient. Plaintiff sought treatment from Dr. McKeown for gynecologic surgery. Dr. McKeown treated plaintiff for hypertension, hypothyroidism, sinusitis, post-condoral strain, wrist strain, and pre-operative examination for a hysterectomy. However, Dr. McKeown did not render any back treatment for plaintiff.
2. On or about 5 November 1991, Dr. McKeown referred plaintiff to the Cone Rehab Unit for evaluation of her back pain, and for work hardening.
3. Plaintiff was treated by Dr. S. J. Pelligra of the Cone Rehab Unit for complaints of back pain, beginning in June of 1990. Dr. Pelligra recommended physical therapy for two to three months on a one time per week basis.
4. In a 30 November 1992, letter, Dr. Pelligra opined that plaintiff was capable of performing sedentary and light duty work with a twenty pound lifting limit.
5. Plaintiff benefited from physical therapy with the Cone Rehab Unit from 30 December 1991 through 26 June 1992.
6. Dr. Pelligra recommended that plaintiff lose weight, and he did not assign a permanent partial disability rating to plaintiff's back. Dr. Pelligra further did not causally relate plaintiff's emotional problems to her compensable injury.
7. Plaintiff returned to Dr. Murphy on 9 May 1995, at which time Dr. Murphy found plaintiff's condition to be essentially unchanged since her last visit in 1991. Dr. Murphy renewed plaintiff's order for a TENS unit, to replace the one she had in 1991.
8. There is no evidence in the record to suggest that plaintiff has sustained a change of condition.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff has failed to carry the burden of proof to establish that she has sustained a change of condition within the meaning of G.S. § 97-47.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 S/ ____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ DIANNE C. SELLERS COMMISSIONER